**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SCOTTSDALE CAPITAL ADVISORS CORPORATION,<br><br>            Plaintiff,<br><br>            v.<br><br>FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.,<br><br>            Defendant. | Civil Action No. 1:18-cv-2973 CMC |

**MOTION AND STATEMENT OF POINTS AND AUTHORITIES
OF DEFENDANT FINANCIAL INDUSTRY
REGULATORY AUTHORITY, INC. (FINRA)
<u>FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT</u>**

Defendant Financial Industry Regulatory Authority, Inc. ("FINRA") hereby moves for a 30-day extension of time to answer or otherwise respond to the complaint, and for grounds states:

1. FINRA was served with the Complaint by hand delivery on the afternoon of Friday, December 21, 2018. Declaration of Terri L. Reicher ("Reicher Decl.") at ¶ 2.

2. FINRA closed early on Monday, December 24 and Monday, December 31, and was closed completely on Tuesday, December 25 and Tuesday, January 1. Due to the holiday closures and shortened hours, virtually all of FINRA's counsel and senior

management were out of the office until Wednesday, January 2, 2019.  Reicher Decl. at ¶¶ 2-3.

3. Pursuant to LCvR 7(m), FINRA made the following good faith attempts to confer with Scottsdale's counsel.

4. On Wednesday, January 2, counsel for FINRA Terri Reicher telephoned and emailed plaintiff's counsel Joseph Smith to request a 30-day extension of time from January 11, 2019 to February 11, 2019.  Reicher Decl. at ¶ 4 and Exhibit A thereto.

5. Mr. Smith responded via email, stating that he would need to consult with his client. Reicher Decl. at ¶ 5, Exhibit B.

6. On Thursday, January 3, Mr. Smith emailed Ms. Reicher and advised that his client would grant only a 2-week extension to January 25, 2019.  Reicher Decl. at ¶ 6, Exhibit C.

7. Ms. Reicher immediately responded that FINRA sought the full 30 days, given the timing of the service just before the year-end holidays, and noting that the Complaint does not request immediate action or injunctive relief.  Ms. Reicher also advised Mr. Smith that if agreement could not be reached, FINRA would be required to seek relief from the Court, and she asked Mr. Smith to advise FINRA whether his client would agree to the 30-day extension.  Reicher Decl. at ¶ 7, Exhibit D.

8. On Monday, January 7, Ms. Reicher emailed Mr. Smith again, requesting a response to FINRA's request for the full 30-day extension, and advising him that FINRA would assume that he continued to oppose FINRA's request if he did not respond by

Case 1:18-cv-02973-CRC Document 8 Filed 01/09/19 Page 3 of 5

close of business Tuesday, January 8.  Ms. Reicher also offered to confer with Mr. Smith if he preferred a telephone call to email.  Reicher Decl. at ¶ 8, Exhibit E.

9. On the afternoon of January 8, Mr. Smith advised FINRA that his client would not agree to the 30-day extension.   Reicher Decl. at ¶ 9 and Exhibit F.

10. FINRA's request for a 30-day extension is reasonable for the following reasons:

   a. Plaintiff's timing of service of the Complaint—on the Friday afternoon before the Christmas holiday, when it could be presumed that many attorneys would be absent and offices would be closed—had the effect of cutting almost two weeks off FINRA's time to review and respond.  Reicher Decl. at ¶ 10(a).

   b. The Complaint does not seek any injunctive relief—temporary or permanent—so the requested 30-day extension will not impact the case in any material way.  Although Plaintiff's Complaint is framed only as a single-count breach of contract claim, it presents serious questions under federal law and requests relief that fundamentally changes how FINRA is governed and regulates the securities industry, all of which requires careful briefing. FINRA functions pursuant to a mandate of the Securities Exchange Act of 1934 ("Exchange Act") and operates under the supervision of the Securities and Exchange Commission, which approved FINRA's governance structure being challenged in this case.  In fact, on almost the same day that Scottsdale filed the Complaint, it also filed a Petition for Rulemaking with the SEC, seeking much of the same relief it seeks from this Court.  Reicher Decl. at ¶ 10(b).

3

      c. Because of these and other legal issues, FINRA intends to move to dismiss the Complaint. This Motion will make a number of legal arguments that require detailed briefing. Given the issues that Scottsdale has raised, and the fundamental changes Scottsdale requests in FINRA's governance structure, combined with service just before the year-end holidays, a 30-day extension is reasonable, and should be granted by this Court. Reicher Decl. at ¶ 10(c).

WHEREFORE, Defendant FINRA respectfully requests an extension of the time for FINRA to answer, move or otherwise plead in response to the Complaint until Monday, February 11, 2019.

DATED:    January 9, 2019
              Washington, D.C.

              FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.

              By: /s/ Terri L. Reicher
                      Terri L. Reicher

              By: /s/ Timothy W. Mountz
              Timothy W. Mountz (Application pending)

              FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.
              1735 K St., N.W.
              Washington, D.C.  20006
              Telephone: (202) 728-8967
              Terri.Reicher@finra.org

              ATTORNEYS FOR DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th[th] day of January, 2019, I filed a copy of the foregoing Motion for Extension of Time, with accompanying Declaration of Terri L. Reicher, proposed Order and FINRA's Disclosure of Corporate Affiliations and Financial Interests with the Court's ECF system.

By: /s/ Terri L. Reicher
Terri L. Reicher