# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 19-7073**     **September Term, 2019**
FILED ON: June 19, 2020

SCOTTSDALE CAPITAL ADVISORS CORPORATION,
      APPELLANT

v.

FINANCIAL INDUSTRY REGULATORY AUTHORITY,
      APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:18-cv-02973)

Before: TATEL, GRIFFITH, and KATSAS, *Circuit Judges*.

## JUDGMENT

This case was considered on the record from the United States District Court for the District of Columbia and the briefs of the parties. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons set out below, it is

**ORDERED** and **ADJUDGED** that the decision of the district court be **AFFIRMED**.

The Securities Exchange Act of 1934 (the "Act"), 15 U.S.C. § 78a *et seq.*, requires that brokerage firms be members of the Financial Industry Regulatory Authority (FINRA), a self-regulatory organization with the authority to discipline members who violate its rules. The Act allows a member aggrieved by a FINRA rule or disciplinary action to challenge that rule or action in a federal court of appeals after first seeking review by the Securities and Exchange Commission (SEC). *See* 5 U.S.C. § 553(e); 15 U.S.C. §§ 78s(b)-(e), 78y(a)-(b). The Act does not provide federal district courts with any role in adjudicating disputes between FINRA and its members.

Brokerage firm Scottsdale Capital Advisors, a FINRA member, sued FINRA in federal district court in 2018 for breach of contract. Scottsdale alleged that FINRA breached the agreement that all FINRA members must sign upon becoming members by (1) changing the composition of

the FINRA board to prejudice small firms like Scottsdale, (2) requiring members to abide by guidance not issued in accordance with law, and (3) initiating an *ultra vires* disciplinary action against Scottsdale. Scottsdale argued that FINRA's actions violated the membership agreement because they were forbidden by the Act, notwithstanding FINRA's promise in the agreement that it would abide by the Act.

The district court dismissed Scottsdale's suit for lack of subject matter jurisdiction. *See Scottsdale Capital Advisors Corp. v. FINRA*, 390 F. Supp. 3d 72 (D.D.C. 2019). Under *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994), courts apply a two-step test to determine whether a comprehensive statutory scheme of administrative and judicial review forecloses district court jurisdiction over a suit challenging agency action. At step one, the district court held that Congress intended that certain challenges to FINRA action proceed exclusively through the Act's comprehensive scheme of initial review by the SEC followed by judicial review by a court of appeals. *See id.* at 207-12. At step two, the court held that Scottsdale's claim was of the type that Congress intended to be reviewed solely through the statutory scheme. *See id.* at 212-16. Each of the issues that Scottsdale raised was "closely tied to FINRA's governance, structure, and regulations, and 'inextricably intertwined' with powers 'the statute grants [to] the SEC . . . as an initial matter.'" 390 F. Supp. 3d at 80 (quoting *Jarkesy v. SEC*, 803 F.3d 9, 14 (D.C. Cir. 2015)). The district court concluded that "Scottsdale's breach of contract claim [was] nothing more than an artifice designed to obscure its challenges to FINRA's regulatory and disciplinary actions." *Id.* at 81. Scottsdale timely appealed.

We affirm. The district court properly applied the *Thunder Basin* test to determine that the securities laws divest it of jurisdiction over Scottsdale's suit. "'Given the painstaking detail with which' Congress set forth the rules governing the court of appeals' review of" FINRA and SEC action, "'it is fairly discernible that Congress intended to deny'" aggrieved FINRA members "'an additional avenue of review in district court.'" *Jarkesy*, 803 F.3d at 17 (quoting *Elgin v. Dep't of Treasury*, 567 U.S. 1, 11-12 (2012)). Each of the factors that *Thunder Basin* instructs us to consider at step two, *see* 510 U.S. at 212-16, weighs against district court jurisdiction over Scottsdale's suit. Adjudication of Scottsdale's claims through the regular statutory process would not deprive Scottsdale of meaningful review. All of the policies Scottsdale seeks to challenge in district court may eventually be challenged in a court of appeals. *See* J.A. 159 (petitioning the SEC for a rulemaking on FINRA's board composition and use of guidance, which Scottsdale may challenge in a court of appeals if its petition is denied, *see* 15 U.S.C. § 78y(a)(1)); J.A. 71 n.29 (asserting its *ultra vires* argument in a FINRA disciplinary proceeding, which Scottsdale may also raise in a court of appeals if the SEC rejects the argument, *see* 15 U.S.C. § 78y(a)(1)). The FINRA actions that Scottsdale challenges are neither wholly collateral to the statutory review scheme nor outside FINRA and the SEC's expertise. *See Thunder Basin*, 510 U.S. at 212.

We agree with the district court that Scottsdale's breach of contract claim is an impermissible attempt to short-circuit the detailed statutory scheme of administrative and judicial review of FINRA action. Accepting Scottsdale's argument would render that scheme largely superfluous and make nearly any disputed FINRA action subject to challenge in district court. Having now failed to evade the statutory review scheme for a second time, *see Scottsdale Capital*

*Advisors Corp. v. FINRA*, 844 F.3d 414, 422-24 (4th Cir. 2016) (rejecting Scottsdale's nearly identical *Thunder Basin* argument), it should be clear to Scottsdale that it cannot sue FINRA in federal district court for FINRA's alleged failure to comply with the Act.

For the foregoing reasons, we affirm the judgment of the district court.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**<u>Per Curiam</u>**

FOR THE COURT:
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk